RECEIVED
JUL 22 2024
Clerk's Office
Board of Overseers of the Bar

STATE OF MAINE

Board of Overseers of the Bar          Docket No. GCF #22-212

BOARD OF OVERSEERS OF THE BAR    )
        Petitioner    ) STIPULATED REPORT OF
    v.    ) FINDINGS AND ORDER
        ) OF THE
AMY L. FAIRFIELD, ESQ.    ) GRIEVANCE COMMISSION
  of Lyman, ME    ) M. Bar R. 13(e), 21(b)(5)
  Me. Bar No. 009598    )
        Respondent    )

On July 22, 2024, with due notice, a panel of the Grievance Commission conducted a public disciplinary hearing pursuant to Maine Bar Rule 13(e), concerning misconduct by the Respondent, Amy L. Fairfield, Esq. The Board of Overseers of the Bar (the Board) commenced this proceeding by the September 14, 2023, filing of a Formal Disciplinary Charges Petition.

At the hearing on that Petition, Attorney Fairfield appeared with her counsel, Benjamin Wahrer, Esq. The Board was represented by Assistant Bar Counsel, Zachary Paakkonen, Esq.

Prior to the scheduled hearing date, the parties notified the Clerk that they had negotiated a proposed settlement of the disciplinary matter. The proposed sanction report was submitted to the Clerk for the Commission's advance review and consideration.

Having reviewed the agreed upon proposed findings as presented by counsel, the Grievance Commission Panel makes the following disposition:

### FINDINGS

Respondent Amy L. Fairfield, Esq. (Fairfield) of Lyman, ME, has been at all times relevant hereto an attorney duly admitted to and engaging in the practice

of law in the State of Maine. As such, Attorney Fairfield is subject to the Maine Bar Rules, and the Maine Rules of Professional Conduct (MRPC). Attorney Fairfield was admitted to the Maine Bar in 2004 and she currently practices in Lyman, Maine.

According to the parties' stipulations, the Panel finds the following relevant facts:

Assistant Bar Counsel filed a *sua sponte* Complaint on August 24, 2022. Respondent filed an initial response on October 31, 2022. During the course of the Board's investigation, Respondent was afforded opportunities for rebuttal and supplemental responses, resulting in a fully developed investigation, pursuant to M. Bar R. 2(b)(2) & 13(b). As a result, on or about September 1, 2023, a panel of the Grievance Commission reviewed Respondent's actions in this matter, and based upon that review, found probable cause to believe that Respondent had engaged in misconduct subject to sanction under the Maine Bar Rules. Therefore, the Grievance Commission panel directed Assistant Bar Counsel to prepare and present a Formal Disciplinary Charges Petition before a different panel of the Grievance Commission.

Respondent was appointed in October of 2018 to represent a client who had been convicted of murder in a petition for post-conviction review ("PCR"). One of the major issues on review centered around DNA evidence, which had formed the basis for the conviction. The DNA inquiry focused on the possibility of contamination due to an employee of the Maine State Police Crime Lab who was found to have contaminated other samples in the lab.

During the PCR case, Respondent also raised the allegation that the Crime Lab and/or the prosecution had hidden potentially exculpatory information. That information included a number of photographs relating to the criminal investigation that were found in 2019 during the pendency of the PCR proceeding, but had not been produced during the original investigation and trial. Respondent additionally claimed that the State had concealed evidence that she alleged would show that the former Crime Lab employee had contaminated critical evidence in the case. Respondent advanced those claims in pleadings as well as during court appearances.

In its order denying the PCR petition on January 5, 2022, the Court stated that "there is zero evidence in the record . . . to support Petitioner's claim that the photographs were 'suppressed,' that the photographs bore directly on the identification of [the client], or that the photos 'depict facts that squarely refute testimony offered at trial . . . .'" The Court further stated that there was "no evidence" that the Crime Lab employee had contaminated critical pieces of evidence.

Throughout the PCR case, Respondent made efforts to obtain the personnel file of a Crime Lab employee who had resigned after it was discovered that he was shedding DNA and contaminating samples at the lab. The personnel file was eventually produced, but the Court issued an Order dated June 19, 2019, placing the documents under seal and prohibiting dissemination or use of the information without further order of the Court.

Respondent filed motions requesting to unseal those records a total of six times between the June 2019 Order and an order addressing the issue dated

April 28, 2021. Subsequent to the impoundment Order, and despite the Court's denial of her requests to unseal the records, Respondent attached a portion of the confidential personnel information to a pleading filed on May 10, 2021 in the PCR case, and also to a pleading in a separate matter that she filed on behalf of a family member. Respondent did not obtain a court order to allow the dissemination of the confidential personnel information and did not include a motion to impound or any other protective measures with the filings.

In the course of representation, Respondent made a number of assertions and allegations regarding State actors including the Attorney General's Office prosecutors. In one such instance, in her witness list filed April 5, 2021, Respondent asserted to the Court, "I understand the prosecution has forbidden Maine State Police Crime Laboratory ("Lab") officials from communicating with me or my team." The Office of the Attorney General submitted information in the case that contradicted Respondent's assertion, and Respondent acknowledged in her response to the disciplinary complaint that she was subsequently able to contact the employees, as was determined in the court proceeding.

Respondent also made highly inflammatory allegations against the State in her filings. Respondent's August 31, 2020 Petitioner's Declaration and Clarification of Claims included statements that the evidence "potentially illuminates a concerted cover-up" by State actors, references the "extent of corruption . . . at the hands of State actors" and "[t]he State's malfeasance in suppressing evidence favorable to Petitioner." It further alleged that "there is compelling data suggesting the evidence used to convict was manufactured in

the MSPCL," and that "MSPCL cooked the books, knew about contamination of evidence, and destroyed the evidence so it could not be retested."

The Court issued an order on November 11, 2020, stating that "[i]t is difficult for the undersigned to understate the amount of vitriol contained in the document that Petitioner's counsel filed on 8/31/20 . . . other than to opine that the undersigned in over 40 years of practice in Maine Courts has never read a document quite like it." The Court further stated that "[t]here has also been scant, if any, evidence presented to the Court to support the incendiary rhetoric of Petitioner's counsel."

After the Court's November 2020 Order, Respondent made additional inflammatory statements against State actors. In a May 10, 2021 Response to a motion by the State, Respondent referred to the "artifice of the State's attempts to further distract the Court from the real issue; gross dereliction of Constitutional obligations," as well as alleged "a ruse whereby the State released selected facts, which work to eviscerate the truth of the massive scandal at the crime lab."

The Court issued an order during the PCR case requiring Respondent to provide affidavits from witnesses that she had identified for hearing. After Respondent failed to provide the affidavits, the Court issued an Order on May 12, 2021, stating that although it may be difficult to obtain affidavits from some of the identified witnesses who were hostile, there was "little to no excuse" for failing to even attempt to contact others. The Court at that time offered Respondent another opportunity to obtain the affidavits, and warned that if she did not then the witnesses would likely be excluded, with the exception of

witnesses who refused to cooperate. On November 11, 2021, the Court issued another Order, stating that Respondent had not submitted the affidavits as ordered, and had not sought an extension or supplied even unsigned drafts of the affidavits. The Court stated: "Accordingly, Petitioner is barred from calling as witnesses at hearing those witnesses whose affidavits were supposed to be prepared but were not."

Tangential to the PCR matter, Respondent represented her family member in a FOAA action against the Maine State Police Crime Laboratory, which she appealed after denial. In the appeal matter before the York County Superior Court, Respondent missed the filing deadline ordered by the court to file her brief. The brief was due on December 1, 2021. On December 2, Respondent requested an extension of the due date to December 3, however, she did not file the brief on that date. On December 16, the Court Clerk e-mailed Respondent asking for the status of the brief and Respondent replied that it would be filed the following day. The brief was not submitted until December 30, when it was filed with a request for an enlargement of time "based on excusable neglect." The final brief that was filed was 96 pages long with 140 pages of attachments. Respondent acknowledged in her response to the Complaint that she filed the brief "well beyond the expanded deadline." In this matter, however, the Court accepted the late brief.

Based on the facts set forth above, Attorney Fairfield has admitted that she engaged in violations of the Maine Rules of Professional Conduct, including MRPC 1.1 (competence), 1.3 (diligence), 3.1(a) (meritorious claims and

contentions), 3.4(c) (fairness to opposing party and counsel) and 8.4(a)(d) (conduct prejudicial to the administration of justice).

## CONCLUSION AND SANCTION

Attorney Fairfield's conduct in violation of the Maine Rules of Professional Conduct impacted her PCR client's case, the interests of third parties, other counsel, and the Courts. Attorney Fairfield has taken full responsibility for her misconduct in this matter.

Pursuant to M. Bar R. 21(c) the factors to be considered in imposing sanctions for attorney misconduct are: the duty violated, the lawyer's mental state, the actual or potential injury caused by the lawyer's misconduct and the existence of any aggravating or mitigating circumstances. *See also* ABA Standards for Imposing Lawyer Sanctions, 1991 (ABA Standards).

The first factor to be considered is the determination of the duty that has been breached by the attorney's misconduct. The Maine Rules of Professional Conduct and the Maine Bar Rules require attorneys to uphold their responsibilities to their clients, the courts, and the profession. In this instance, Attorney Fairfield's duties were to all three, and she failed to fulfill those duties. With regard to her mental state, Attorney Fairfield's misconduct was partially negligent and partially knowing. Her failure to act competently and diligently, failure to ensure claims were pursued with meritorious arguments, actions prejudicial to the administration of justice, and failure to comply with the Maine Rules of Professional Conduct were, at a minimum, negligent. Respondent's

violation of court orders in attaching sealed documents to public pleadings with no safeguards to protect them from the public eye was knowing.

Attorney Fairfield's actions caused harm or the potential of harm. In this matter, neglect encompassed a failure to act in accordance with deadlines set by court order across two cases. In both cases, more than one deadline was missed after Respondent was given repeated chances to comply with deadlines set by court order. In one of those cases the client was precluded from calling certain witnesses due to the failure to act with reasonable diligence. In the other case, Respondent was permitted to file a late brief despite substantially missing a continued deadline that she herself requested. Knowing violation of a court order in the unauthorized disclosure of protected employee records and unsupported statements in pleadings had the potential to harm the former employee whose records were disclosed, and caused subsequent litigation in the PCR matter.

In mitigation, Attorney Fairfield has no prior disciplinary history over the course of her roughly twenty-year career. The conduct at issue occurred during the active COVID-19 pandemic, which posed significant and unprecedented challenges to litigants, attorneys, and courts.

In sum, the evidence of misconduct supports the reviewing Panel's findings, and Attorney Fairfield agrees that she did in fact violate the Maine Rules of Professional Conduct Rule 1.1, 1.3, 3.1(a), 3.4(c), and 8.4(a)(d) and the Panel so finds. The purpose of bar disciplinary proceedings is not punishment, but rather the protection of the public from attorneys who, by their conduct, have demonstrated that they are unable to properly discharge their professional duties. Since the evidence supports a finding and Attorney Fairfield agrees that

she did in fact violate the Maine Rules of Professional Conduct, the Panel has analyzed the proper sanction factors warranted under M. Bar R. 21.

Taking all of the above factors into consideration, and consistent with the analysis outlined in M. Bar R. 21(c), the Panel Commission imposes the following sanction:

1. The panel hereby imposes a REPRIMAND pursuant to Maine Bar Rule 13(e)(10)(C) and 21(b)(5).

2. Attorney Fairfield is placed on PROBATION pursuant to M. Bar R. 13(e)(10)(D) and 21(b)(4) for a period of six months from the date of this Report to permit compliance with the practice management condition set forth below.

3. Probation conditions include:

   a. Attorney Fairfield will consult with Red Cave Legal Consulting regarding management of her practice with specific focus on ensuring deadlines are met. Attorney Fairfield will implement recommended practices as agreed upon between Attorney Fairfield and Red Cave and will provide proof to Bar Counsel within six months of the date of this order that she has so consulted and implemented any such recommended practices.

   b. Attorney Fairfield will comply with all professional requirements imposed upon her by the Maine Rules of Professional Conduct and the Maine Bar Rules.

   c. Attorney Fairfield will bear any costs of complying with these probation conditions.

4. Any violation of these probation conditions shall constitute grounds for the imposition of further discipline pursuant to M. Bar R. 21(a)(3), including any possible sanctions and discipline under the rules.

5. In the event that the Board determines that Attorney Fairfield has violated these conditions of probation, the Board may through its office of Bar Counsel file an Affidavit stating its basis for that determination. Attorney Fairfield may then have up to 21 days to file a counter-affidavit showing cause why she should not be disciplined for that violation. If Attorney Fairfield does not then file a counter-affidavit, then the Grievance Commission will proceed to a sanctions hearing as contemplated by M. Bar R. 20. If Attorney Fairfield does file a counter-affidavit, then she may be heard for the purpose of showing good cause as to why she should not be disciplined.

6. During the period of any litigation related to an alleged violation of probation the period of probation shall be tolled such that time elapsed during such pendency is not counted toward the period of probation.

Therefore, the Panel accepts the agreement of the parties, including Attorney Fairfield's separately executed waiver of the right to file a Petition for Review, and concludes that the appropriate disposition of this case is a REPRIMAND to Amy L. Fairfield, Esq., along with a period of probation as described above which is now hereby issued and imposed upon her pursuant to M. Bar R. 13(e)(10)(D) and 21(b)(4).

Date: July 22, 2024

/s/ Peter Bickerman
Peter Bickerman, Esq.
Panel Chair

/s/ Jeremy Pratt
Jeremy Pratt, Esq.
Panel Member

/s/ Karen Mosher
Karen Mosher, PhD
Public Member